UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINESH MANIAR,<br><br>        Plaintiff,<br><br>     v.<br><br>CROMPTON KENNEDY FINE WINE PURVEYORS, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-06-2537 MJJ (EMC)<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

Plaintiff Dinesh Maniar, an individual doing business as Diamond Oaks Winery, filed suit against Defendants Crompton Kennedy Fine Wine Purveyors and Michael Trusiak for breach of contract, quantum valebant, fraudulent inducement, and fraudulent misrepresentation. On May 8, 2007, the Clerk of the Court entered default against both Defendants, *see* Docket No. 24, and thereafter Judge Jenkins referred Mr. Maniar's motion for default judgment to the undersigned for a report and recommendation.

Having reviewed the papers submitted by Mr. Maniar, and all other evidence of record, the Court hereby orders Mr. Maniar to provide supplemental briefing and/or evidence to address the following:

(1) The Distribution and Wine Sale Agreement (attached as Exhibit B to the complaint) refers to an Exhibit A, but no Exhibit A was included in the copy of the Agreement provided to the Court. Mr. Maniar should file with the Court a copy of Exhibit A .

(2) It is not clear from the record whether the 2,471 cases of wine shipped by Mr. Maniar to Defendants from March to May 2005, *see* Compl. ¶¶ 30-31 & Ex. D, constituted the Initial Order as provided for by the Agreement. Mr. Maniar should clarify this matter for the Court.

(3) It is not clear from the record what Mr. Trusiak's relationship is with Crompton Kennedy. Mr. Maniar should clarify this matter and provide supporting evidence to the Court.

(4) Based on the Agreement, it does not appear that anyone other than Mr. Trusiak signed the Agreement. The initials "MT" by Joanne Crompton's name (Ms. Crompton appears to be the president of Crompton Kennedy) suggest that Mr. Trusiak signed her name. Mr. Maniar should explain why Mr. Trusiak has the authority to bind Crompton Kennedy and provide supporting evidence.

(5) The proof of service for the summons and complaint indicates that service was made on Mr. Trusiak at an address in Mount Pleasant, South Carolina. However, the Agreement refers to a different address in Charleston, South Carolina, for Crompton Kelly and Mr. Trusiak. Mr. Maniar should clarify this matter for the Court so as to ensure that proper service was effected.

(6) It is not clear from the motion for default judgment which causes of action are being pursued by Mr. Maniar for purposes of the motion. It appears that Mr. Maniar is only pursuing the breach-of-contract claim. To the extent Mr. Maniar seeks to have a default judgment entered with respect to the other three causes of action pled in the complaint, he should so specify.

Mr. Maniar shall file the requested supplemental briefing and/or evidence within two weeks of the date of this order.

///
///
///
///
///
///
///

2

1  In addition, Mr. Maniar shall, upon receipt, immediately serve a copy of this order and its
2  motion for default judgment on Defendants.

4  IT IS SO ORDERED.

6  Dated: June 15, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

3